**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BIANCA JOSEPH and JUSTIN ROGALSKY, individually and on behalf of all others similarly situated, | Case No.   1:24-cv-11026 |
| *Plaintiffs*, | |
| *v.* | |
| YARDI SYSTEMS, INC., a California corporation, | |
| *Defendant*. | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Bianca Joseph and Justin Rogalsky bring this class action complaint against Defendant Yardi Systems, Inc. ("Yardi") to put an end to its unlawful practice of using the names and identities of Illinois and Ohio residents without their consent in order to promote its service. Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief.

## NATURE OF THE ACTION

1.      Defendant Yardi Systems operates a website called Property Shark that sells access to a database containing proprietary information about homeowners to anybody willing to pay for access to it.

2.      To market its service, Yardi encourages prospective customers to perform a free search on its website. When consumers perform a free search for an individual—by typing the individual's first and last name into the search bar—Yardi displays a preview page featuring the searched individual's full name alongside properties the individuals either currently own or

1

previously owned. The purpose of this page is twofold: first, it shows potential customers that the Property Shark database contains the *specific* individual they searched for and represents that a paid membership grants access to much more information about the individual than the "free" preview; and second, it offers to sell them a paid membership, where they can access proprietary information about *any* property owner in its database. In other words, Yardi uses the identities of searched individuals to sell a membership to its paid service.

3.      Unsurprisingly, the people appearing in these advertisements never provided Yardi with their consent (written or otherwise) to use their identities for any reason, let alone for marketing purposes.

4.      By using Illinois and Ohio residents' full names in its advertisements without their consent and for its own commercial gain, Yardi violated—and continues to violate—the Illinois Right of Publicity Act ("IRPA") 765 ILCS 1075/1, *et seq.* and the Ohio Rev. Code 2741.01, *et seq.*

## PARTIES

5.      Plaintiff Bianca Joseph is a natural person and a citizen of the State of Illinois.

6.      Plaintiff Justin Rogalsky is a natural person and a citizen of the State of Ohio.

7.      Defendant Yardi Systems, Inc., is a company existing under the laws of the State of California with its principal place of business located at 430 South Fairview Avenue, Santa Barbara, California 93117.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Class is a citizen of a state different from the Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs,

and (iii) none of the exceptions under the subsection apply to this action.

9.      This Court has personal jurisdiction over Defendant because it transacts significant business in this District; it purposefully collects Illinoisans' personal data, including their full names, their property address, other addresses associated with individuals, and information about their homes; it misappropriates the identities of people that it knows reside in this District; it uses the fact that individuals are located in Illinois to sell individual reports and subscriptions to its website; and the unlawful conduct alleged in the Complaint occurred in and emanated from this District. Plaintiff Joseph's injury arises out of Defendant's Illinois-related activities because Plaintiff Joseph is a citizen of Illinois and Defendant used her full name, property address, and other personal information to advertise and/or sell Defendant's products and services.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

### *The Illinois Right of Publicity Act*

11.     In 1999, the Illinois Legislature recognized that every individual has the "right to control and choose whether and how [his or her] identity [is used] for commercial purposes," 765 ILCS 1075/10, and as a result, passed the IRPA to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

12.     The Act protects individuals from the unauthorized use of *any* of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, or voices in the sale or advertisement of goods, merchandise, products, and services.

13.     In fact, the IRPA states that "[a] person may not use an individual's identity for

commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person…" 765 ILCS 1075/30. Notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

***The Ohio Right of Publicity Law***

14.     Similarly, the Ohio Right of Publicity Law prohibits the use of "any aspect of an individual's persona for a commercial purpose." Ohio Rev. Code § 2741.02(A). "A person may use an individual's persona for a commercial purpose during the individual's lifetime *if the person first obtains the written consent* to use the individual's persona…." Ohio Rev. Code § 2741.02(B) (emphasis added).

15.     The statute protects an individual's attribute, including but not limited to, their "name, voice, signature, photograph, image, likeness, or distinctive appearance." *See* Ohio Rev. Code § 2741.01(A).

16.     Furthermore, "commercial purpose" under the statute, in pertinent parts, means "the use of or reference to an aspect of an individual's persona… (1) [o]n or in connection with a place, product, merchandise, goods, services…[or] (2) [f]or advertising or soliciting the purchase of products, merchandise, goods, services…" Ohio Rev. Code § 2741.01(B).

***Yardi Uses Individuals' Names to Promote Paid Access to Its Database***

17.     Yardi owns and operates the Property Shark website that sells paid access to "unrivaled property information." Yardi compiles its database, in part, from property records (including Illinois and Ohio property records) and markets its database as "[y]our one-stop real estate data source" which includes property owner's names and contact details, property characteristics, sales history, and much more.

18.     Property Shark access must be purchased from its website, which allows its

paying customers to perform searches on anyone in its database and obtain, *inter alia,* any property owner's current and former home address, contact information, and other information about their home.

19.     Yardi invites Property Shark visitors to perform a search for an individual on its website and states: "Search by owner name to find an owner's portfolio, with all properties currently or previously owned." *See* <u>Figure 1.</u>



(**Figure 1**)

20.     Yardi creates landing pages on each individual found within its database that features the individual's full name, their property address, other addresses associated with the individual, and information about their home such as their home's square footage. ("Marketing Page"). *See* <u>Figure 2.</u>



(**Figure 2**)

21.     Once a user clicks on the searched individual's address or any other attribute of the individual's profile, Yardi presents an offer to purchase either an individual report on the searched-for individual or a monthly subscription for $49.95 that grants the user 175 reports. *See* <u>Figure 3.</u>



**(Figure 3)**

22.      All this advertising is intended to sell access to Yardi's services. Indeed, Yardi attempts to sell a paid service that would grant the purchaser access to detailed information about anybody in its database—not just the searched for individual.

23.      In this way, Yardi misappropriated consumers' identities (names and individuals' addresses) for its own commercial benefit (to market and promote paid access any and all information in its database).

24.      Most importantly, Yardi never obtained written consent from Plaintiffs and members of the putative Classes to use their names and other identifying information for any reason, let alone for commercial purposes. Defendant never notified Plaintiffs and members of the putative Classes that their names or other identifying information would appear on its Marketing Page in conjunction with an offer to purchase access to its database of individuals' properties and contact information. Moreover, Plaintiffs and the members of the putative Classes have no relationship with Yardi's Property Shark website whatsoever.

25.      Plaintiff Joseph, on behalf of herself and other similarly situated Illinois residents,

brings this action against Defendant for its ongoing violations of the Illinois Right of Publicity Act, and seeks (1) injunctive relief requiring Defendant to cease using Illinois residents' identities for commercial purposes, including on its Marketing Page, (2) an award of statutory damages, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

26.     Plaintiff Rogalsky, on behalf of himself and other similarly situated Ohio residents, brings this action against Defendant for its ongoing violations of the Ohio Right of Publicity Law, and seeks (1) injunctive relief requiring Defendant to cease using Ohio residents' identities for commercial purposes, including on its Marketing Page, (2) an award of statutory damages and an award of treble the statutory damages, (3) an award of punitive or exemplary damages, and (4) an award of costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF JOSEPH

27.     In 2024, Plaintiff Joseph discovered that Yardi was using her identity to solicit the purchase of paid access to Property Shark.

28.     Yardi specifically identified Plaintiff by her full name and her property address. *See* Figure 2.

29.     Plaintiff never provided Yardi with her written consent (or consent of any kind) to use any attribute of her identity for commercial purposes, and certainly never authorized Yardi to use her identity to promote any of its products or services.

30.     Plaintiff Joseph is not and has never been a Property Shark customer. She has no relationship with Property Shark's website whatsoever.

## FACTS SPECIFIC TO PLAINTIFF ROGALSKY

31.     In 2024, Plaintiff Rogalsky discovered that Yardi was using his identity to solicit

the purchase of paid access to Property Shark.

32.     Yardi specifically identified Plaintiff by his full name and his property address.

*See* <u>Figure 4.</u>



(**Figure 4**)

33.     Plaintiff never provided Yardi with his written consent (or consent of any kind) to use any attribute of his identity for commercial purposes, and certainly never authorized Yardi to use his identity to promote any of its products or services.

34.     Plaintiff Rogalsky is not and has never been a Property Shark customer. He has no relationship with Property Shark's website whatsoever.

## CLASS ALLEGATIONS

35.     **Class Definitions**: Plaintiffs Joseph and Rogalsky bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and Classes defined as follows:

**Illinois Class:** All Illinois residents whose names were displayed on the Marketing Page.

**Ohio Class:** All Ohio residents whose names were displayed on the Marketing Page.

Together, the Illinois Class and Ohio Class are referred to as the "Classes".

36.     Excluded from the Classes are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37.     **Numerosity**: The exact number of members of the Classes is unknown and not available to Plaintiffs at this time but it is clear that individual joinder is impracticable. Members of the Classes can be identified through Defendant's records.

38.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the putative Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

a.      Whether Defendant used Plaintiffs' and members of the putative Classes' names and identities for a commercial purpose;

b.      Whether Plaintiffs and members of the Classes provided their written consent to Defendant to use their names and identities on the Marketing Page;

c.      Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act and the Ohio Right of Publicity Law; and

      d.     Whether Plaintiffs and the Classes are entitled to injunctive relief.

39.    **Typicality**: Plaintiffs' claims are typical of the claims of other members of the Classes, in that Plaintiffs and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

40.    **Adequate Representation**: Plaintiff Joseph will fairly and adequately represent and protect the interests of the Illinois Class and has no interest antagonistic to those of the Illinois Class, and Plaintiff Rogalsky will fairly and adequately represent and protect the interests of the Ohio Class and has no interest antagonistic to those of the Ohio Class. Both Plaintiffs and have retained counsel competent and experienced in complex class actions. Defendant has no defenses unique to Plaintiffs.

41.    **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's policies challenged herein apply and affect members of the Classes uniformly and Plaintiffs' challenge of these policies hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiffs. Plaintiffs and the members of the Classes have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

42.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and

expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.***
**(On behalf of Plaintiff Joseph and the Illinois Class)**

43.     Plaintiff Joseph incorporates the foregoing allegations as if fully set forth herein.

44.     The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq.*

45.     Defendant sells paid access to its database containing detailed reports about people.

46.     As described above, to promote those reports, Defendant used Plaintiff Joseph's and the putative Illinois Class members' identities on its Marketing Pages, which display the individuals found within its records that match searched-for names, alongside uniquely identifying information such as each person's address. This information serves to identify such individuals.

47.     The Marketing Page has a commercial purpose in that it promotes the Property

Shark website and paid access reports in its database.

48.      Plaintiff Joseph and members of the Illinois Class never provided Defendant with their written consent to use their full names (or any attribute of their identity) in advertisements for Property Shark. Defendant never notified Plaintiff Joseph and Illinois Class members that their identities would be used in commercial advertisements.

49.      Defendant deprived Plaintiff Joseph and Illinois Class members of control over whether and how their names and other identifying information can be used for commercial purposes.

50.      Based upon Defendant's violation of the Illinois Right of Publicity Act, Plaintiff Joseph and Illinois Class members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff Joseph's and Illinois Class members' names and any attributes of their identities to advertise its products and services, (2) an award of statutory damages of $1,000 per violation to Plaintiff Joseph and the members of the Illinois Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

**SECOND CAUSE OF ACTION**
**Violation of the Ohio Right of Publicity Law, Ohio Rev. Code § 2741.01 *et seq.***
**(On behalf of Plaintiff Rogalsky and the Ohio Class)**

51.      Plaintiff Rogalsky incorporates the foregoing allegations as if fully set forth herein.

52.      The Ohio Right of Publicity Law prohibits using a person's name, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* Ohio Rev. Code § 2741.01, *et seq.*

53.      Defendant sells paid access to its database containing detailed reports about people.

54.     As described above, to promote those reports, Defendant used Plaintiff Rogalsky's and the putative Ohio Class members' identities on its Marketing Pages, which display the individuals found within its records that match searched-for names, alongside uniquely identifying information such as each person's address. This information serves to identify such individuals.

55.     The Marketing Page has a commercial purpose in that it promotes the Property Shark website and paid access reports in its database.

56.     Plaintiff Rogalsky and members of the Ohio Class never provided Defendant with their written consent to use their full names (or any attribute of their identity) in advertisements for Property Shark. Defendant never notified Plaintiff Rogalsky and Ohio Class members that their identities would be used in commercial advertisements.

57.     Defendant deprived Plaintiff Rogalsky and Ohio Class members of control over whether and how their names and other identifying information can be used for commercial purposes.

58.     Based upon Defendant's violation of the Ohio Right of Publicity Law, Plaintiff Rogalsky and Ohio Class members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff Rogalsky's and Ohio Class members' names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff Rogalsky's and Ohio Class members' names and identities) or statutory damages between $2,500 and $10,000 per violation to Plaintiff Rogalsky and Ohio Class members, (3) an award of punitive or exemplary damages, (4) an award treble damages, and (5) an award of costs and reasonable attorneys' fees under Ohio Rev. Code § 2741.07.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Bianca Joseph and Justin Rogalsky, individually and on behalf of the Classes, pray that the Court enter an Order:

a. Certifying this case as a class action defined above, appoint Bianca Joseph as Class Representative of the Illinois Class, appoint Justin Rogalsky as Class Representative of the Ohio Class, and appoint their counsel as Class Counsel;

b. Declaring that Defendant's actions described herein constitute a violation of the Illinois Right of Publicity Act and the Ohio Right of Publicity Law;

c. Awarding injunctive and other equitable relief as necessary to protect the interest of the Classes, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

d. Awarding the greater of actual damages, the profits derived from the unauthorized use described herein, or statutory damages in the amount of $1,000 per violation to the members of the Illinois Class;

e. Awarding the greater of actual damages, including the profits derived from the unauthorized use of described herein, or statutory damages in the amount of $10,000 per violation to the members of the Ohio Class;

f. Awarding punitive damages where applicable;

g. Awarding Plaintiffs and the Classes their reasonable litigation expenses and attorneys' fees;

h. Awarding Plaintiffs and the Classes pre- and post-judgment interest; and

i. Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs request trial by jury of all matters that can be so tried.

Respectfully Submitted,

**BIANCA JOSEPH and JUSTIN ROGALSKY,**
individually and on behalf of all others similarly situated,

Dated: October 25, 2024      By: /s/ Ari Scharg_____
         One of Plaintiffs' Attorneys

Ari Scharg
ascharg@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Philip L. Fraietta
pfraietta@bursor.com
BURSOR & FISHER, P.A.
1300 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: 646.837.7150

Kevin Tucker
ktucker@eastendtrialgroup.com
Stephanie Moore (*pro hac vice*)
smoore@eastendtrialgroup.com
Jessica Liu (*pro hac vice*)
jliu@eastendtrialgroup.com
EAST END TRIAL GROUP LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: 412.877.5220

*Attorneys for Plaintiffs and the Classes*